UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. NAVARRO, et al.,<br><br>　　　　Defendants. | 1:19-cv-00378-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS SERGEANT M. NAVARRO, C/O NAVARRO, C/O E. MARES, AND C/O CRUZ, FOR USE OF EXCESSIVE FORCE UNDER THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAY** |

**I.　BACKGROUND**

　　Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) The Complaint names as defendants Sergeant M. Navarro, Correctional Officer (C/O) Navarro, C/O E. Mares, C/O Cruz, Sergeant Kellog, Sellers (Psych. Tech.), Stamphill (Psych. Tech.), Kenneth Landry (Psych. Tech.), and Robin McConnell (Physician's Assistant) (collectively, "Defendants").and brings claims for excessive force, violation of the Fourteenth Amendment, adverse conditions of confinement, and state law claims.

## II. FINDINGS

The court screened the Complaint under 28 U.S.C. § 1915 and found that it states cognizable claims under the Eighth Amendment against Defendants C/O E. Mares, Sergeant M. Navarro, C/O Cruz, and C/O Navarro for use of excessive force. The court also found that Plaintiff is not entitled to injunctive relief if he prevails in this case and is confined to seeking money damages for the violations of his federal rights. On August 10, 2020, the court issued a screening order requiring Plaintiff to either (1) file an amended complaint, or (2) notify the court that he is willing to proceed only with the excessive force claims found cognizable by the court. (ECF No. 17.)

On September 8, 2020, Plaintiff notified the court that he is willing to proceed only with the claims found cognizable by the court and dismiss all other claims and defendants. (ECF No. 20.)

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's claims against defendants C/O E. Mares, Sergeant M. Navarro, C/O Cruz, and C/O Navarro.for use of excessive force in violation of the Eighth Amendment, for money damages only;

2. All remaining claims and defendants be dismissed from this action;

3. Plaintiff's claims for violation of the Fourteenth Amendment, adverse conditions of confinement, and state law claims be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted;

4. Defendants Sergeant Kellog, Sellers (Psych. Tech.), Stamphill (Psych. Tech.), Kenneth Landry (Psych. Tech.), and Robin McConnell (Physician's Assistant) be dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted; and

5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2020**                              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE