UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>M. NAVARRO, et al.,<br><br>Defendants. | **1:19-cv-00378 NONE-GSA (PC)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Document# 32)** |

On February 8, 2021, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section § 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.

In the present case, plaintiff argues that it will be difficult for him to investigate the facts of this case and present the case.  He also argues that he suffers from mental health issues.  These conditions alone do not make plaintiff's case exceptional.  While the Court has found that "Plaintiff states cognizable claims against defendants C/O E. Mares, Sergeant M. Navarro, C/O Cruz, and C/O Navarro for use of excessive force in violation of the Eighth Amendment," this finding is not a determination that plaintiff is likely to succeed on the merits.  (ECF No. 17 at 6:5-7.)  Plaintiff's excessive force claims are not complex, and based on a review of the record in this case, plaintiff can adequately articulate his claims.  Thus, the Court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 18, 2021**           **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE