UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>       Plaintiff,<br><br>  vs.<br><br>M. NAVARRO, et al.,<br><br>       Defendants. | **1:19-cv-00378-NONE-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 36.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.       BACKGROUND

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original complaint filed on March 22, 2019, against defendants Sergeant M. Navarro, C/O Navarro, C/O E. Mares, and C/O Cruz ("Defendants"), for use of excessive force in violation of the Eighth Amendment.  (ECF No. 1.)

On May 6, 2021, Plaintiff filed a motion for removal of C/O D. Navarro from 4A Yard, and to keep all staff involved away from Plaintiff.  (ECF No. 36.)  On May 25, 2021, Defendants filed an opposition to the motion.  (ECF No. 37.)

The motion is now before the court.  L.R. 230(*l*).  The court construes this motion as a motion for  preliminary injunctive relief, or a temporary restraining order.

II.      **PRELIMINARY INJUNCTIVE RELIEF**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend).  Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491– 93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A). The substantive purpose of a TRO is to preserve the status quo before a preliminary injunction

hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). But the legal standard that applies to a motion for a TRO is the same as a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## III.   PARTIES' POSITIONS

Plaintiff seeks to have all staff involved on a "keep away" status during this case because they have a habit of encouraging violence against inmates with their "friends" who work on Plaintiff's yard. (ECF No. 36 ¶ 1.) Plaintiff asserts that these "friends" have a tendency to beat

3

up inmates, so Plaintiff is always on "high alert" when D. Navarro is walking around on 4A Yard. (Id.) Plaintiff argues that D. Navarro should be moved because Plaintiff is in R.C.G.P and is A.D.A. and therefore cannot be transferred, but D. Navarro can be placed on another yard.

In opposition, Defendants argue that Plaintiff's motion should be denied because the court does not have jurisdiction over "all staff;" is not supported by an affidavit; and Plaintiff fails to provide specific facts showing that he is entitled to the requested relief.

Defendants assert that Plaintiff has not identified the other officers or "all staff," and the court does not have jurisdiction over non-parties; no details to explain what "habit of encouraging violence" Plaintiff is referencing; and no facts about any other altercations with other inmates or whether those altercations had anything to do with Plaintiff or this case. Defendants argue that Plaintiff's motion is based purely on speculation and unsupported by articulable facts.

## IV. DISCUSSION

First, the court cannot opine at this early stage of the proceedings whether Plaintiff is likely to succeed on the merits of his claims. Second, while defendant D. Navarro has appeared in this case, the "other staff" referred to by Plaintiff are not identified and the court does not have jurisdiction over them to order injunctive relief that would require them to take action or refrain from acting. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Third, Plaintiff has not alleged facts showing that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Plaintiff has not shown that he is entitled to the preliminary relief he requests and therefore, his motion should be denied.

## IV. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on May 6, 2021, should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 8, 2021**                                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE