UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>   Plaintiff,<br><br>  vs.<br><br>NAVARRO, et al.,<br><br>   Defendants. | 1:19-cv-00378-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS CRUZ AND MARES' MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br>**(ECF No. 39.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I. BACKGROUND**

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Correctional Officer (C/O) E. Mares, Sergeant M. Navarro, C/O Cruz, and C/O Navarro for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)

On August 6, 2021, Defendants Cruz and Mares ("Defendants") filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies for the claims against them. (ECF No. 39.) On August 30, 2021, Plaintiff filed an opposition to the motion. (ECF No. 42.) On September 7, 2021, Defendants filed a reply to Plaintiff's opposition. (ECF

No. 43.) Defendants' motion for summary judgment has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the court finds that Defendants' motion for summary judgment should be granted.

## II.    PLAINTIFF'S ALLEGATIONS

At the time of the events at issue Plaintiff was a state prisoner incarcerated at Corcoran State Prison in Corcoran, California.

Plaintiff is a mental patient.  On September 13, 2016, a female C/O [not a defendant] told Plaintiff that she was going to take Plaintiff off the medical ducat list.  Plaintiff asked why and she said nothing.  Plaintiff got upset and broke a window.  The female C/O called defendant Sergeant M. Navarro who asked Plaintiff, "Why did [you] disrespect female staff?"  (Complaint, ECF No. 1 at 4.)  Plaintiff said he didn't disrespect her, he just broke the window.  Defendant Sergeant M. Navarro asked Plaintiff to cuff up, but Plaintiff refused out of fear of retaliation and Sergeant Navarro told him he would be coming back with his "Heavyweights."  (Id.)

An hour or so later, defendants Sgt. M. Navarro, C/O Navarro, C/O Mares, and C/O Cruz came to Plaintiff's door and asked him to cuff up, and Plaintiff again refused.  Plaintiff's mental clinician was at Plaintiff's door and told the Sergeant to let Plaintiff cool down and come back, since she was talking to him.  Sgt. M. Navarro refused and then Plaintiff's cell door flew open, and all four correctional staff ran into the cell, jumped on Plaintiff with a shield, and knocked him down.  One of them yelled, "Don't hit him, twist his knees up."  (Id. at 5:2-3.)  Plaintiff screamed for them to stop.  C/O Navarro said, "That's what you get for making me come in here you piece of sh** rat."  (Id. at 5:4-6.)  C/O Cruz was holding Plaintiff down with the shield while Plaintiff was chained and cuffed behind his back.  C/O Mares put his boot on the side of Plaintiff's face and pressed down.  Sgt. M. Navarro, C/O Cruz, and C/O Navarro took body shots on Plaintiff's lower back and ribs and bent Plaintiff's knees back.  Five minutes later Plaintiff was picked up and punched, then tied to a wheelchair.  Sgt. M. Navarro told defendant Physician's Assistant R. McConnell to refuse him treatment because he was "mad" or something like that.  (Id. at 5:20-23.)  Plaintiff was taken to another cell, untied and uncuffed, and dumped into the cell with the water turned off and no bedding or property.

Defendants McConnell, Landry, Kellog, Sellars, and Stamphill all refused to alert their supervisors about the use of excessive force by these officers. According to the D.O.M., Title 15, it is their duty to do so. Plaintiff alerted Sgt. Kellog about the bruises and black eye and swollen lip, but he just walked away. Plaintiff asked C/O Navarro for a use of force interview and he just laughed. Plaintiff told defendant Sellars about the use of force and she said she would report it, but she never came back. Plaintiff told defendant Stamphill about the use of force and he said, "I see your injuries and I'll report it," but nothing happened. (Id. at 6.) By the time Plaintiff spoke to defendant Stamphill on September 19, 2016, his injuries were gone. The day of the incident defendant McConnell refused to see Plaintiff, saying Plaintiff was agitated, which he was because he had just been assaulted.

Plaintiff alleges that he was able to walk before the assault happened, but now he is unable to walk like before. He has to use a walker and wheelchair. The defendants made Plaintiff's prior injuries worse.

As relief, Plaintiff requests that all correctional staff involved in excessive use of force be relieved of duty and that defendants get proper training in reporting use of force. Plaintiff also requests monetary damages, including punitive damages, for injuries and mental distress. Plaintiff requests CDCR to pay the costs of this suit and requests that staff dealing with mental health inmates receive proper training.

### III. SUMMARY JUDGMENT BASED ON EXHAUSTION

**A.    Legal Standards**

**1.    Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and

regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

"[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'"). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford, 548 U.S. at 90. However, the Ninth Circuit has made clear: A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. Id.

Moreover, the Ninth Circuit has recognized that a grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 218). The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. Id; see also Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation."); see also Griffin, 557 F.3d at 1120 ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.). Thus, in this case "[t]he California prison system's requirements define the boundaries of proper exhaustion." Marella, 568 F.3d at 1027.

///

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca ("Albino II"), 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); see also Cal. Code Regs. tit. 15, § 3084.1(b) (explaining that a cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies"). However, a prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." Brown, 422 F.3d at 936 (citing Booth, 532 U.S. at 736–739; see also Finley v. Skolnik, 616 Fed. Appx. 263, 264 (9th Cir. 20152 (Reversing dismissal for failure to exhaust).  Where prison officials improperly screen out inmate grievances, they render administrative remedies effectively unavailable. See Sapp, 623 F.3d at 823. In such a case, "the inmate cannot pursue the necessary sequence of appeals." Id.; see also Nunez, 591 F.3d at 1226 (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

///

///

In submitting an inmate grievance, California regulations required a prisoner to "list all staff members involved" and to "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). However, the Ninth Circuit has held that "a prisoner exhausts such administrative remedies as are available . . . under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); see also Franklin v. Foulk, 2017 WL 784894, at *4-5 (E.D. Cal. Mar. 1, 2017); Franklin v. Lewis, 2016 WL 4761081, at *6 (N.D. Cal. Sept. 13, 2016). Thus, a prisoner's failure to list all staff members involved in an incident in his inmate grievance, or to fully describe the involvement of staff members in the incident, will not necessarily preclude his exhaustion of administrative remedies. Reyes, 810 F.3d at 958; Franklin, 2017 WL 784894, at *4 ("[T]he court in Reyes found that even though the plaintiff's grievance failed to name two physicians on the prison's three-person pain committee, prison officials were put on notice of the nature of the wrong alleged in the suit—that the plaintiff was wrongfully denied pain medication."); Franklin, 2016 WL 4761081, at *6 ("[T]o the extent Defendants argue that Plaintiff failed to comply with a procedural requirement by not naming Defendants in [his appeal], this deficiency is not necessarily fatal to Plaintiff's claim pursuant to Reyes"); Grigsby v. Munguia, No. 2:14-cv-o789 GAB AC P, 2016 WL 900197, at *11-12 (E.D. Cal. Mar. 9, 2016); see also Bulkin v. Ochoa, 2016 WL 1267265, at *1-2 (E.D. Cal. Mar. 31, 2016).

Nonetheless, for administrative remedies to be exhausted by California prisoners as to defendants who were not identified in the inmate grievance, there must be a "sufficient connection" between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had "notice of the alleged deprivation" and an "opportunity to resolve it." Reyes, 810 F.3d at 959 (finding that plaintiff had satisfied PLRA exhaustion requirements as to two prison doctors despite not having identified them in his inmate appeals because there was a sufficient connection between plaintiff's appeal based on inadequate pain management, and the doctors, who served on the prison committee that had denied plaintiff medication); McClure v.

///

Chen, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, (E.D. Cal. March 28, 2017) (remedies exhausted even though doctors not named in appeal; prison was placed on notice)) .

The PLRA exhaustion requirement creates an affirmative defense, and defendants bear the burden of raising and proving the absence of exhaustion. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints.") Moreover, a prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. Albino v. Baca ("Albino I"), 697 F.3d 1023, 1031 (9th Cir. 2012).

### 2. California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at § 3084.5, 3084.6(c) (2009). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level. Id. at § 3084.5 (2009). A final decision at the third level[1] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).

In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201. A California prisoner is required to submit an inmate appeal at the

---

[1] The third level is sometimes known as the Director's level.

7

appropriate level and proceed to the highest level of review available to him. Butler, 397 F.3d at 1183; Bennett, 293 F.3d at 1098.

### 3.     Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino II, 747 F.3d at 1168–69 (*en banc*). Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56. Id. If the court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira, 427 F.3d at 1175–76.

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz.,

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino II, 747 F.3d at 1162.

609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino II, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id. at 1166.

In arriving at these findings and recommendations, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### B. Undisputed Facts

In accordance with Local Rule 260(a), Defendants Cruz and Mares submitted the following Statement of Undisputed Facts with references to the supporting evidence. (ECF No. 39-2 at 1.)[3]

---

[3] These facts are taken from Defendants Cruz and Mares' Statement of Undisputed Material Facts, ECF No. 39-2.  The court has considered all declarations and exhibits submitted in support of each statement. Plaintiff has failed to properly address Defendants' statement of undisputed facts.  Local Rule 260(b).  Accordingly, the court may consider Defendants' assertions of fact as undisputed for purposes of this motion.  Id; Fed. R. Civ. P. 56(e)(2).

**BACKGROUND**

1. Plaintiff Jose Martinez (J-78494) is a state prisoner in the lawful custody of California Department of Corrections and Rehabilitation (CDCR) and was housed at California State Prison, Corcoran (CSP-Corcoran). (Compl. 1, ECF No. 1.)

2. Defendants Cruz and Mares worked at CSP-Corcoran as correctional officers. (Compl. 2.)

**MARTINEZ'S GRIEVANCE HISTORY**

3. Between the time of the alleged incident (September 13, 2016), and the date Martinez filed his complaint (March 22, 2019), Martinez submitted three non-medical grievances that were accepted for a first- or second-level review regarding events at CSP-Corcoran. (Mendez Decl. ¶¶ 8-9, Exs. 1-4.)

4. During the same time, Martinez submitted one non-medical grievance that was accepted for a third-level review. (Moseley Decl. ¶¶ 7-8, Ex. 2.)

5. Only one of Martinez's grievances was pursued to address the claims in this action: COR-16-04987. (Mendez Decl. ¶ 9; Moseley Decl. ¶ 8, Ex. 2; Goodwin Decl. Exs. 1-4.)

6. In grievance log number COR-16-04987, Martinez alleged that "Navarro" and two unnamed correctional staff conducted an illegal cell entry on September 13, 2016, and used excessive force. (Mendez Decl. ¶ 9; Moseley Decl. ¶ 8, Ex. 2.)

7. The following individuals were identified during the course of staff complaint investigation: (1) Correctional Sergeant M. Navarro; (2) Correctional Officer D. Navarro; and (3) Correctional Officer H. Figueroa. (Mendez Decl. ¶ 10; Moseley Decl. ¶ 8, Ex. 2.)

8. Grievance log number COR-16-04987 did not address or investigate allegations against Cruz or Mares. (Mendez Decl. ¶ 11; Moseley Decl. ¶ 8.)

**C.     Defendants' Motion**

Defendants Cruz and Mares argue that Plaintiff did not exhaust his available remedies for his excessive force claims against them before filing this lawsuit. Defendants assert that Plaintiff had an administrative remedy available to him at CSP-Corcoran provided by the CDCR. Cal. Code Regs. tit. 15, § 3084.1(a) (June 2015 rev.) (repealed June 1, 2020).

Defendants' undisputed facts are taken as true since Plaintiff failed to properly address Defendants' statement of undisputed facts.  Local Rule 260(b).[4]

Defendants present evidence showing that between the time of the alleged incident (September 13, 2016) and the date Plaintiff filed his complaint (March 22, 2019), Plaintiff submitted three non-medical grievances that were accepted for a first- or second-level review, (Mendez Decl. ¶¶ 8-9, Exs. 1-4), but of those grievances only one grievance was submitted in order to exhaust administrative remedies for the claims in the present action: COR-16-04987, (Mendez Decl. ¶ 9; Moseley Decl. ¶ 8, Ex. 2; Goodwin Decl. Exs. 1-4).

Grievance COR-16-04987 alleged that "Navarro" and two unidentified officers used excessive force on Plaintiff, but did not provide any other information to identify the unknown officers.  (Mendez Decl. ¶ 11.)  Plaintiff alleged in the grievance that "[t]he staff involved were Navarro & the others are John Doe #1 & John Doe #2, unidentified." (Id. ¶2.)  The grievance was accepted for a second-level review.

On April 17, 2017, a second-level response was issued for COR-16-04987.  (Id.)  The response stated that M. Navarro was interviewed, but did not identify any other staff members. (Id.) A number of materials were considered, including witness testimony, a medical report of injury, a videotaped interview of Martinez, and the FLSAs (staff sign-in sheets) for the day at issue. (Id.) The grievance was partially granted, in that an appeal inquiry had been conducted. (Id.) The response further informed Martinez that he must submit the staff complaint through all levels of review, including the Third Level, in order for administrative remedies to be considered exhausted. (Id.)

CSP-Corcoran's Office of Grievance records show that the following individuals were identified during the course of staff complaint investigation: (1) Correctional Sergeant M. Navarro; (2) Correctional Officer D. Navarro; and (3) Correctional Officer H. Figueroa. (Mendez

---

[4] "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b).

Decl. ¶ 10.) Neither Cruz or Mares were identified in grievance COR-16-04987, nor identified during the course of that grievance's investigation. (Id. ¶ 11.)

Defendants M. Navarro and D. Navarro therefore do not dispute that the claims against them were administratively exhausted, but the claims against Cruz and Mares were not exhausted.

Defendants argue that the prison did not have sufficient notice that additional individuals were involved other than those identified in the investigation, and therefore could not administratively investigate the additional claims. In support, they assert that Defendants Cruz and Mares were not named in Plaintiff's grievance and no information was given that could identify them, as required by Cal.Code Regs. tit. 15 § 3084.2(a)(3)[5]; neither Cruz nor Mares were ever identified until Plaintiff filed his Complaint in this lawsuit three years later; and, Plaintiff's grievance only alleged that a total of three officers entered his cell and battered him, yet in this lawsuit Plaintiff inconsistently alleges that four people committed those acts.

### D. **Defendants' Burden**

The court finds that Defendants Cruz and Mares have carried their initial burden to prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Therefore, the burden shifts to Plaintiff to come forward with evidence showing that he did exhaust the available remedies for his excessive force claims against Defendants Cruz and Mares, or that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

### E. **Plaintiff's Statement of Disputed Facts**

Plaintiff submits the following list of genuine issues of material fact that require the denial of Defendants' motion.

---

[5] The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. § 3084.2(a)(3). Appeal Preparation and Submittal., 15 CA ADC § 3084.2

1. Whether Plaintiff offered any resistance to the defendants M. Navarro and D. Navarro before they opened Plaintiff's cell door.

2. Whether they followed proper procedure before they opened Plaintiff's cell door.

3. Whether Plaintiff offered any resistance after Plaintiff's cell door was opened and Defendants entered the cell.

4. Whether the force utilized by the Defendants against Plaintiff was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

5. Whether the Plaintiff's injuries resulted from his own acts of resistance to the Defendants or from their purposeful use of unnecessary force.

### F. **Plaintiff's Opposition**

Plaintiff concedes in his opposition that Defendants Cruz and Mares are entitled to summary judgment. Plaintiff declares that during the excessive force incident:

> "[S]everal staff members entered plaintiff's cell whereupon the Defendants took plaintiff down & assaulted me. . . plaintiff identified some by name & others by John Doe #1 & #2. . . plaintiff could not [describe the unknown defendants] since Defendants' faces were covered with shields. . . [s]ome courts have [] held that the name-the-defendant rule is satisfied if the defendants were identified by prison officials' response to the prisoner's grievance. . . .Since M. Navarro & D. Navarro were identified in plaintiff's grievance, they are not entitled to summary judgment, but defendants Cruz & Mares might be & plaintiff believes if they were not involved, as plaintiff once believed, then they are entitled to summary judgment. But not M. Navarro or D. Navarro."

(Pltf's Declaration, ECF No. 42 at 2-4.)

In his opposition, Plaintiff concludes:

> "[T]he defendants should be given partial summary judgment as far as Cruz and Mares are concerned, but should be denied summary judgment on defendants M. Navarro and D. Navarro & let a jury hear this case in trial, since

13

all remedies against them were exhausted."

(ECF No. 42 at 11.)

### G.  Discussion

In their reply to Plaintiff's opposition, Defendants Cruz and Mares argue that the undisputed facts show that Plaintiff failed to exhaust his administrative remedies for his claims against them, and the motion for summary judgment should be granted.

The undisputed facts show as follows. Only one of Plaintiff's grievances was pursued to address the claims in this action: COR-16-04987. (Mendez Decl. ¶ 9; Moseley Decl. ¶ 8, Ex. 2; Goodwin Decl. Exs. 1-4.) In grievance log number COR-16-04987, Plaintiff alleged that "Navarro" and two unnamed correctional staff conducted an illegal cell entry on September 13, 2016, and used excessive force. (Mendez Decl. ¶ 9; Moseley Decl. ¶ 8, Ex. 2.) The following individuals were identified during the course of the staff complaint investigation: (1) Correctional Sergeant M. Navarro; (2) Correctional Officer D. Navarro; and (3) Correctional Officer H. Figueroa. (Mendez Decl. ¶ 10; Moseley Decl. ¶ 8, Ex. 2.) Grievance log number COR-16-04987 did not address or investigate allegations against Cruz or Mares. (Mendez Decl. ¶ 11; Moseley Decl. ¶ 8.)

Defendants assert that Plaintiff's Statement of Disputed Facts only goes to the merits of his excessive force claims and not to whether he properly exhausted his administrative remedies. Plaintiff's declaration, filed in support of his opposition, acknowledges that he identified one Defendant by name in his grievance and others by John Does #1 and #2, (Pltf's Opp'n, ECF No. 42 at 2), that he was required to provide a description of the unknown officers but claims that he could not do so because the officers' faces were covered and they had shields, (Id. at 2-3), and concedes that Defendants Cruz and Mares might be entitled to summary judgment, but not M. Navarro or D. Navarro, (Id. at 4). In his opposition brief, Plaintiff asserts that disputed facts exist because he was told by "other inmates" the identities of the involved officers, and that he was "under the assumption that Cruz & Mares were involved." (Id. at 10.) Then, to support his position Plaintiff provides a declaration by another inmate, Cory Latour, but that document does not identify Defendants Cruz or Mares. (Id. at 18.)

///

This case now proceeds only on Plaintiff's excessive force claims against defendants M. Navarro, D. Navarro, C/O E. Mares, and C/O Cruz. The court found that Defendants Cruz and Mares carried their initial burden to prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. The burden then shifted to Plaintiff to come forward with evidence showing that he did exhaust the available remedies for his excessive force claims against Defendants Cruz and Mares, or that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Plaintiff has not carried his burden, and in fact concedes that Defendants Cruz and Mares are entitled to summary judgment.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The court finds, based on the record before it, that Plaintiff failed to exhaust his available administrative remedies for his excessive force claims against defendants Cruz and Mares, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Therefore, Defendants' motion for summary judgment, filed on August 6, 2021, should be granted, and Plaintiff's excessive force claims against Defendants Cruz and Mares should be dismissed without prejudice. Accordingly, this case should proceed only on Plaintiff's excessive force claims against defendants M. Navarro and D. Navarro.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Cruz and Mares' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, filed on August 6, 2021, be granted;
2. Plaintiff's excessive force claims against Defendants Cruz and Mares be dismissed without prejudice;
3. This case proceed only on Plaintiff's excessive force claims against defendants M. Navarro and D. Navarro; and
4. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen**

**(14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2021**                        **/s/ Gary S. Austin**
                                                                                UNITED STATES MAGISTRATE JUDGE