UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>NAVARRO, et al.,<br><br>    Defendants. | 1:19-cv-00378-JLT-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 53) |

## I. BACKGROUND

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Sergeant (Sgt.) Navarro and Correctional Officer (C/O) Navarro for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

---

[1] On September 11, 2020, the Court dismissed Defendants Kellog, Sellers, Stamphill, Landry, and McConnell from this case based on Plaintiff's failure to state any claims against them.  (ECF No. 22.)  On January 25, 2022, the Court granted summary judgment to Defendants Cruz and Mares and dismissed them from this case.  (ECF No. 47.)  The case now proceeds against Defendants Sergeant M. Navarro and Correctional Officer Navarro, for use of excessive force against Plaintiff.

1

On January 28, 2022, the court issued an order requiring the parties to this case to notify the Court within thirty days whether they believe a settlement conference would be beneficial in this case. (ECF No. 49.) On February 11, 2022, the court received and filed a copy of a letter from Attorney Stephen Yagman, in which Attorney Yagman expressed his willingness to represent Plaintiff in this case for settlement purposes only. (ECF No. 50.) On March 7, 2022, Defendants Sgt. Navarro and C/O Navarro responded to the Court's order, requesting that this action be scheduled for settlement proceedings. (ECF No. 52.) On March 10, 2022, Plaintiff filed a motion for the court to appoint Attorney Stephen Yagman as Plaintiff's counsel for settlement purposes. (ECF No. 53.)

Plaintiff's motion for appointment of counsel is now before the Court.

## II.   MOTION FOR COURT-APPOINTED COUNSEL

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's case stems from allegations that Defendants Sgt. Navarro and C/O Navarro used excessive force against him in violation of the Eighth Amendment. Plaintiff requests the Court to appoint Attorney Stephen Yagman as counsel to assist with the settlement conference because "[h]e is a highly skilled attorney [and] would do a better job than I ever could." (ECF No. 53.) These are not exceptional circumstances under the law.[2]

The Court finds that Plaintiff is unlikely to succeed on the merits. However, Plaintiff is able to adequately articulate his claims, and his excessive force claims are not complex. Therefore, Plaintiff's motion shall be denied, without prejudice.

---

[2] On February 18, 2021, the Court denied a motion for appointment of counsel filed by Plaintiff on February 8, 2021. (ECF Nos. 32, 33.) In his motion, Plaintiff asserts that he lacks a proper education and suffers from mental health issues including P.T.S.D., depression, anxiety, bipolar disorder, and antisocial personality. (ECF No. 32.) These conditions do not make his case exceptional under the law.

Plaintiff is not precluded from substituting Attorney Stephen Yagman or another attorney as counsel of record in place of himself to represent him. If Plaintiff desires to do so, he should file a Substitution of Attorneys (form # AO 154) pursuant to Local Rule 182(g) for consideration by the court.

> **(g) Substitution of Attorneys**. An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the <u>full name and address of the new individual attorney</u> and shall be <u>signed by the withdrawing attorney</u>, <u>the new attorney</u>, and <u>the client</u>. All substitutions of attorneys shall require the approval of the Court, and the words "IT IS SO ORDERED" with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is **HEREBY DENIED**, without prejudice.

IT IS SO ORDERED.

Dated:   **March 23, 2022**                    /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE