UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NAVARRO, et al.,<br><br>　　　　Defendants. | 1:19-cv-00378-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF AN INCARCERATED WITNESS, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN 20 DAYS**<br><br>**(ECF No. 68.)** |

**I.　　BACKGROUND**

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Correctional Officer Navarro and Sergeant M. Navarro for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

This case is scheduled for trial on May 16, 2023, at 8:30 a.m. before the Honorable Jennifer L. Thurston in Courtroom 4. (ECF No. 67.)  A pretrial conference is scheduled for March 27, 2023 at 1:30 p.m. before the Honorable Jennifer L. Thurston via Zoom video conference or Zoom telephone number. (Id.)

---

[1] On January 25, 2022, summary judgment was granted to Defendants Mares and Cruz, terminating them from this action. (ECF No. 47.)

On January 20, 2023, Plaintiff filed a motion for the attendance of an incarcerated witness at trial. (ECF No. 68.) Defendants have not filed an opposition. (Court Record.)

Plaintiff's Motion for Attendance of Incarcerated Witnesses is now before the court. Local Rule 230(*l*).

## II.  ATTENDANCE OF INMATE WITNESSES AT TRIAL

On November 14, 2022, the Court issued a Second Scheduling Order advising Plaintiff of the requirements for bringing inmate witnesses to trial who voluntarily agree to testify. (ECF No. 64 at 2:21-3-28 ¶1.) Plaintiff was informed that the court must issue an order before Plaintiff's incarcerated witnesses can come to court to testify. (Id.) The court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend, and (b) the prospective witness has actual knowledge of relevant facts. (Id.) Plaintiff was advised that he must file a Motion for Attendance of Incarcerated Witnesses, stating the name, address, and prison identification number of each such witness, accompanied by declarations by Plaintiff or the witnesses, showing that each witness is willing to testify and has actual knowledge of relevant facts. (Id.) Plaintiff was advised that the declaration must show that the prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective Witness happened to be in a position to see or hear what occurred at the time it occurred. (Id.)

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

### III. PLAINTIFF'S MOTION

Plaintiff seeks to bring one incarcerated witness to trial, Cory Latour, #T-38031, who is incarcerated at Kern Valley State Prison. Plaintiff has provided the name, address, and identification number of the prospective witness. (ECF No. 68 at 1.) Plaintiff has also filed a declaration attesting that Cory Latour told Plaintiff he agrees to testify at trial. (Id.) Plaintiff also states that he has submitted Cory Latour's declaration to the Court, which shows that Latour was an ear-witness to the incident at issue in this case, who could hear everything. However, the Court has not received Latour's declaration.

### IV. DISCUSSION

#### *Plaintiff's incarcerated witness, Cory Latour*

Plaintiff claims to have submitted a declaration by prospective witness Cory Latour attesting that he was an ear-witness to the excessive force incident at issue in this case, but no such declaration was filed. Here, Plaintiff has clearly failed to comply with the court's order.

The Court's primary concern is whether Plaintiff's prospective witness will substantially further the resolution of this case. Plaintiff has not informed the Court of the relevant facts to which Cory Latour can testify if brought to trial. Therefore, Plaintiff's Motion for Attendance of Incarcerated Witnesses shall be denied. However, Plaintiff shall be granted 20 days in which to file Cory Latour's declaration, or Plaintiff's own declaration, informing the Court where Cory Latour was situated during the excessive force incident at issue in this case on September 13, 2016, and how Latour happened to be in a position to see or hear what occurred at the time it occurred. Plaintiff is required to inform the Court of what Cory Latour saw, heard, and otherwise personally knew and experienced about the incident, showing that Latour can testify to relevant facts in this case. The Court shall not bring Cory Latour to court to testify unless the Court is provided sufficient evidence that Latour is willing to testify, was a witness to the incident at issue, and can testify to relevant facts.

#### *Plaintiff's unincarcerated witness, C. Gonzalez*

On January 20, 2023, Plaintiff filed his own declaration informing the Court that prospective witness C. Gonzalez, who is employed at Corcoran State Prison, told Plaintiff that

3

she was willing to testify on Plaintiff's behalf in this case.  (ECF No. 69.)  Plaintiff is reminded that if he has an unincarcerated witness who agrees to testify voluntarily, **it is Plaintiff's responsibility to notify the witness of the time and date of trial**. No action need be sought or obtained from the court.

## V.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attendance of Incarcerated Witnesses, filed on January 20, 2023, March 29, 2018, is DENIED, without prejudice; and
2. Plaintiff is granted twenty (20) days in which to refile the Motion For Attendance of Incarcerated Witnesses, with Cory Latour's declaration or Plaintiff's own declaration, informing the Court of where Cory Latour was situated during the excessive force incident at issue in this case on September 13, 2016, and what Cory Latour saw, heard, and otherwise personally knew and experienced about the excessive force incident at issue in this case, showing that Cory Latour can testify to relevant facts in this case.

IT IS SO ORDERED.

Dated:   **February 23, 2023**                                **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE