UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>NAVARRO, et al.,<br><br>        Defendants. | **1:19-cv-00378-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR EXPERT**<br><br>**(ECF No. 74.)** |

## I.  BACKGROUND

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Sergeant (Sgt.) Navarro and Correctional Officer (C/O) Navarro for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

This case is scheduled for trial to commence on May 16, 2023 at 8:30 a.m. in Courtroom 4 before United States District Judge Jennifer L. Thurston, with a pretrial conference scheduled for March 27, 2023 at 1:30 p.m. before Judge Thurston via Zoom.

---

[1] On September 11, 2020, the Court dismissed Defendants Kellog, Sellers, Stamphill, Landry, and McConnell from this case based on Plaintiff's failure to state any claims against them.  (ECF No. 22.)  On January 25, 2022, the Court granted summary judgment to Defendants Cruz and Mares and dismissed them from this case.  (ECF No. 47.)  The case now proceeds against Defendants Sergeant M. Navarro and Correctional Officer Navarro, for use of excessive force against Plaintiff.

On February 24, 2023, Plaintiff filed a motion to appoint counsel or an independent expert. (ECF No. 74.)

**II.     MOTION FOR COURT-APPOINTED COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's case stems from allegations that Defendants Sgt. Navarro and C/O Navarro used excessive force against Plaintiff in violation of the Eighth Amendment. Plaintiff requests the Court to reconsider his request for counsel "or at least counsel for assistance in collecting 'dailies' and helping to get witnesses [into the Court.]"  (ECF No. 74 at 3.)  These are not exceptional circumstances under the law.[2]

The Court finds that Plaintiff is unlikely to succeed on the merits.  However, Plaintiff is able to adequately articulate his claims, and his excessive force claims are not complex. Therefore, Plaintiff's motion shall be denied, without prejudice.

///

---

[2] On February 18, 2021, the Court denied a motion for appointment of counsel filed by Plaintiff on February 8, 2021.  (ECF Nos. 32, 33.)  In his motion, Plaintiff asserts that he lacks a proper education and suffers from mental health issues including P.T.S.D., depression, anxiety, bipolar disorder, and antisocial personality. (ECF No. 32.)  These conditions do not make his case exceptional under the law.

## III. APPOINTMENT OF EXPERT WITNESS

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

**Discussion**

Plaintiff requests appointment by the court of an independent expert witness in the field of psychology and medicine, to testify "how the constant bullying after the incident caused me to cut myself to get away from not on Defendants but Defendants' partners that kept up the mental abuse." (ECF No. 74 at 1:20-27.) Plaintiff asserts that Defendants have their own experts, who will not be impartial to Plaintiff.[3] Plaintiff requests that Defendants cover the cost of such expert(s) under Rule 706(b) of the Federal Rules of Civil Procedure.

///

---

[3] Defendants indicate in their Pretrial Statement that they intend to use expert witnesses at trial. (ECF No. 76 at 5.X.)

While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

The only claims remaining in this case are Plaintiff's claims against Defendants Sgt. Navarro and C/O Navarro for use of excessive force against Plaintiff in violation of the Eighth Amendment, based on an incident that took place on September 13, 2016 after Plaintiff refused to cuff up after breaking his cell window. Plaintiff seeks an expert to testify about the constant bullying "after the incident" that caused Plaintiff to cut himself, and how Plaintiff's mental state played a major role in the incident. (ECF No. 74 at 1:22, 2:16-18.)

The court considers whether an expert witness would assist the court in understanding the evidence or determining a fact in issue. Fed. R. Evid. 702. Here, Plaintiff's allegations of bullying *after* the excessive force incident are not at issue. Plaintiff's claims are no more complex than those found in a majority of excessive force cases pending before this court. The court does not require an expert witness to determine whether Defendants used excessive force. Therefore, Plaintiff's request for the appointment of expert witnesses shall be denied.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the appointment of counsel is denied, without prejudice; and
2. Plaintiff's motion for the appointment of expert witnesses for trial is denied.

IT IS SO ORDERED.

Dated: __February 28, 2023__           __/s/ Gary S. Austin__
                                       UNITED STATES MAGISTRATE JUDGE