UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>           Plaintiff,<br><br>     vs.<br><br>NAVARRO, et al.,<br><br>           Defendants. | 1:19-cv-00378-JLT-GSA-PC<br><br>**ORDER FOR CLERK TO FILE PLAINTIFF'S SETTLEMENT OFFER UNDER SEAL**<br><br>**(ECF No. 79.)** |

**I.      BACKGROUND**

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Sergeant Navarro and Correctional Officer Navarro for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

On October 27, 2022 at 10:00 a.m., Magistrate Judge Dennis M. Cota presided over a court-scheduled settlement conference, but the case did not settle.  (ECF No. 63.)

---

[1] On October(E( 13, 2020, the Court dismissed Defendants Kellog, Sellers, Stamphill, Landry, and McConnell from this case based on Plaintiff's failure to state any claims against them.  (ECF No. 23.)  On January 25, 2022, the Court granted summary judgment to Defendants Cruz and Mares and dismissed them from this case.  (ECF No. 47.)  The case now proceeds against Defendants Sergeant M. Navarro and Correctional Officer Navarro, for use of excessive force against Plaintiff.

This case is now scheduled for a Pretrial Conference on March 27, 2023 at 1:30 p.m. before United States District Judge Jennifer L. Thurston, with jury trial to commence on May 16, 2023 at 8:30 a.m. before Judge Thurston. (ECF No.67).

On March 8, 2023, Plaintiff filed a document titled "Plaintiff's Settlement Option for Defendants." (ECF No. 79.) In the document, Plaintiff sets forth a settlement offer directed to Defendants. (Id.)

Plaintiff is advised that the parties may participate together in settlement negotiations without the Court's assistance at any time. Plaintiff is advised that if he seeks a settlement with Defendants without the Court's assistance he should work directly with Defendants' counsel.

However, settlement documents are considered confidential between the parties and should not be filed with the Court on the public docket. Accordingly, the Court shall file Plaintiff's settlement offer under seal.

## II. SEALING OF DOCUMENTS – LEGAL STANDARD

There is a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon, 435 U.S. at 598). "Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" Id. (quoting Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id.

Two standards generally govern the sealing of documents. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Kamakana, 447 F.3d at 1180 (citations omitted). In

contrast, a "'good cause' showing under [Federal Rule of Civil Procedure 26(c)] will suffice to keep sealed records attached to non-dispositive motions." Id. The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." Pintos, 605 F.3d at 678 (quotations omitted).

## III. ANALYSIS

Here, Plaintiff did not file his confidential settlement offer under seal, nor was it accompanied by a motion to seal as required by Local Rule 141. Because the statement was not filed in conjunction with a dispositive motion, only good cause is required to seal it. The Court finds that this standard is met and will accordingly order the settlement offer be filed under seal. "Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." Kalinauskas v. Wong, 151 F.R.D. 363, 365 (D. Nev. 1993). "Sound judicial policy fosters and protects this form of alternative dispute resolution." Id. (citing Fed. R. Evid. 408 for the proposition that it "protects compromises and offers to compromise by rendering them inadmissible to prove liability").

The need for confidentiality of settlement negotiations is without dispute. [T]he presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles. Weighed against this presumption is the strong public policy which encourages the settlement of cases through a negotiated compromise. . . . In a perfect world, the public would be kept abreast of all developments in the settlement discussions of lawsuits of public interest. In our world, such disclosure would . . . result in no settlement discussions and no settlements. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 855–56 (2nd Cir.1998). Confidentiality of the mediation process encourages settlement. Id. at 858.

For these reasons, the Court shall order Plaintiff's confidential settlement offer to be filed under seal.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Clerk shall file under seal Plaintiff's confidential settlement offer, ECF No. 79, filed on March 8, 2023.

IT IS SO ORDERED.

    Dated: **March 22, 2023**               **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE