UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>              Plaintiff,<br><br>       vs.<br><br>NAVARRO, et al.,<br><br>              Defendants. | 1:19-cv-00378-JLT-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS, CORY LATOUR**<br><br>**(ECF No. 80.)** |

## I.   BACKGROUND

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The case now proceeds with Plaintiff's original Complaint, filed on March 22, 2019, against defendants Correctional Officer Navarro and Sergeant M. Navarro ("Defendants") for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

This case is scheduled for trial on May 16, 2023, at 8:30 a.m. before the Honorable Jennifer L. Thurston in Courtroom 4.  (ECF No. 67.)  A pretrial conference is scheduled for March 27, 2023 at 1:30 p.m. before the Honorable Jennifer L. Thurston via Zoom video conference or Zoom telephone number.  (Id.)

---

[1] On January 25, 2022, summary judgment was granted to Defendants Mares and Cruz, terminating them from this action.  (ECF No. 47.)

1

1  On March 13, 2023, Plaintiff filed a motion for the attendance of an incarcerated witness
2  at trial. (ECF No. 80.) Defendants have not opposed the motion.

3  **II.    ATTENDANCE OF INMATE WITNESSES AT TRIAL**

4  On November 14, 2022, the Court issued a Second Scheduling Order advising Plaintiff
5  of the requirements for bringing inmate witnesses to trial. (ECF No. 64 at 2:21-4:6 ¶¶1 &2.)
6  Plaintiff was informed that the court must issue an order before Plaintiff's incarcerated witnesses
7  can come to court to testify. (Id.) Plaintiff was advised that he must file a Motion for Attendance
8  of Incarcerated Witnesses, stating the name, address, and prison identification number of each
9  such witness, accompanied by declarations by Plaintiff or the witnesses, showing whether each
10 witness is willing to testify and has actual knowledge of relevant facts. (Id.) Plaintiff was also
11 advised that the declaration must show that the prospective witness was an eyewitness or ear-
12 witness to relevant facts, and must be specific about the incident at issue in this case, including
13 when and where it occurred, who was present, and how the prospective witness happened to be
14 in a position to see or hear what occurred at the time it occurred. (Id.)

15 In determining whether to grant Plaintiff's motion for the attendance of incarcerated
16 witnesses, the Court considers the following factors: (1) whether the inmate's presence
17 will substantially further the resolution of the case, (2) the security risks presented by the inmate's
18 presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed
19 until the inmate is released without prejudice to the cause asserted. Wiggins v. County of
20 Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422
21 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience
22 and expense of transporting inmate witness outweighed any benefit he could provide where the
23 importance of the witness's testimony could not be determined), abrogated on other grounds
24 by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

25 **III.   PLAINTIFF'S MOTION**

26 Plaintiff seeks to bring one incarcerated witness to testify at trial. Plaintiff gives two
27 conflicting T numbers for Cory Latour, #T-36031 (ECF No. 68), and #T-38031 (ECF No 80).
28 The court has determined that the correct T number is T-36031. Plaintiff states that this witness

is incarcerated at Kern Valley State Prison in Delano, California. Plaintiff has provided the name, address, and two identification numbers of the prospective witness, see above. Plaintiff also submitted a declaration by Cory Latour dated February 19, 2017, in which Latour declares that he was an ear-witness to the excessive force at issue in this case and describes what he heard. (ECF No. 80 at 3.) Plaintiff states that six years ago Cory Latour told him that he was willing to testify at the trial in this case; however, Plaintiff also states that according to Defendants' counsel, Cory Latour now refuses to volunteer his testimony at trial.

**IV.   DISCUSSION**

Plaintiff has provided evidence that in February 2017, prospective witness Cory Latour declared that he was an ear-witness to the excessive force incident at issue in this case. There is no evidence, however, that Cory Latour is now willing to testify at trial and in fact, Plaintiff indicates that Latour now refuses to testify voluntarily.

As provided in the Court's November 14, 2022 Second Scheduling Order, a party may indicate an inmate's willingness to testify voluntarily by the party's own declaration or by the inmate's declaration. Plaintiff states that Cory Latour told him six years ago that he (Latour) was willing to testify voluntarily, but now Latour has apparently changed his mind. This does not indicate a current willingness. However, the Court finds that Latour has relevant testimony and that a witness's unwillingness to testify is not grounds to preclude him from being called to testify.

"Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." (Id.) "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

The Court finds that prospective inmate witness Cory Latour appears to have personal knowledge of relevant facts. Thus, the Court must determine whether to require this inmate's presence at trial despite the possibility that he may be unwilling to testify voluntarily.

Plaintiff's motion indicates that inmate Cory Latour would be able to provide earwitness testimony bearing directly on Plaintiff's claims and the credibility of the parties.  There is nothing before the Court to indicate that the prospective witness presents more than an average security risk.   (See Hernandez v. Hernandez, No. 1:13-cv-01625-MJS (PC) (E.D.Cal. June 18, 2015), 2015 U.S.Dist.LEXIS 79439, at *9.)   A review of the State of California's Inmate Locator indicates that inmate Latour is housed at Kern Valley State Prison, thus it does not appear that the inmate's attendance at trial would involve extraordinary expense, nor extraordinary distance of travel.  Id.

In light of these factors, the Court concludes that inmate Latour's presence would substantially further resolution of the case, and his "unwillingness to testify does not warrant denial of Plaintiff's motion." Id. at 9-10. Although such efforts ultimately may prove fruitless, the testimony of the witness at issue here is central to Plaintiff's case and the Court concludes that Plaintiff must have the opportunity to attempt to elicit such testimony. Id. at 10. For the foregoing reasons, the Court shall grant Plaintiff's motion to bring inmate Cory Latour to trial without Plaintiff's assurance that Latour is currently willing to testify voluntarily at trial.  The Court will separately issue a writ of habeas corpus ad testificandum for the presence of inmate Latour at trial.

## V.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the attendance of incarcerated witness Cory Latour, #T-36031, to testify at trial, filed on March 13, 2023, is GRANTED; and
2. The Court will separately issue a writ of habeas corpus ad testificandum for the presence of inmate Cory Latour at trial.

IT IS SO ORDERED.

Dated:   **March 24, 2023**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE